**Robert Doyle MURPHY, Petitioner–Appellant,**

v.

**S. Frank THOMPSON, Respondent–Appellee.**

No. 00–35056.
D.C. No. CV–97–01505–DJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2001.

Decided June 4, 2001.

Before MCKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Robert Doyle Murphy appeals the district court's denial of his habeas petition. Murphy's petition stems from a 1993 decision of the Oregon Board of Parole and Post–Prison Supervision ("Board") rescinding his parole release date. As the parties are familiar with the factual and procedural history of this case, we do not recount them here.

I

Murphy argues that the Board's conduct violated due process. In a due process analysis, we consider, with sensitivity to context, the private interest and government interest affected and the efficacy of existing procedures and their alternatives. *See Matthews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In making parole decisions, the government must balance the prisoner's liberty interest with the government's interest in protecting the public. In this case, the Board moved to rescind Murphy's parole release date because of new information that it received shortly before Murphy was to be released. The Board granted Murphy a hearing shortly after his parole release date. An inmate legal assistant represented Murphy at this hearing. The Board discussed its decision and offered Murphy an opportunity to respond. While the Board did not explain every piece of evidence that it used in reaching its decision, the Board faced constraints of confidentiality, and the record shows that Murphy was aware of the nature of some of the evidence. We hold that Murphy received the process that was due under the circumstances.

Murphy argues that he should have been provided with counsel and with a psychologist or psychiatrist to contest the Board's psychological assessment. Murphy analogizes to due process protections in parole revocation hearings. *See Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The analogy to parole revocation is not perfect,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

however. As the Supreme Court has stated,

> parole *release* and parole *revocation* are quite different. There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires.

*Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 9, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). We recognize that where, as here, the prisoner has a scheduled parole release date, the liberty interest is greater than that of a prisoner merely eligible for parole. Nonetheless, we do not believe, in the circumstances of this case, that due process required the additional safeguards Murphy seeks.

■ Murphy also argues that the Board's action did not comply with Oregon procedures. This argument, however, is a matter for the Oregon courts, not federal habeas. *See Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) ("A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the Constitution or laws or treaties of the United States." (quotations omitted)); *see also Walker v. Sumner,* 14 F.3d 1415, 1420 (9th Cir.1994) ("[I]f state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny." (quoting *Rogers v. Okin,* 738 F.2d 1, 8 (1st Cir.1984))). (We also note that Oregon's parole statutes have changed since the time of the actions about which Murphy complains.)

## II

■ Murphy argues that the rescission of his parole release date constituted cruel and unusual punishment in violation of the Eighth Amendment. We disagree. Assuming, without deciding, that the Board's actions resulted in Murphy being held "beyond the termination of his sentence," this amounts to cruel and unusual punishment only if the Board acted with "deliberate indifference" to his liberty interest. *See Haygood v. Younger,* 769 F.2d 1350, 1355 (9th Cir.1985). In this case, the Board rescinded Murphy's parole release date based on information received shortly before the release date. This information caused the Board to rethink its earlier decision that Murphy could safely be released. After the Board rescinded the date, it promptly gave Murphy a hearing on the matter. These facts do not demonstrate deliberate indifference to Murphy's liberty interest. Rather, they reflect the difficult balance that parole boards face in weighing the liberty interests of prisoners against the safety interests of the public.

AFFIRMED.